On Remand from the Supreme Court of Louisiana
SEXTON, Judge.
This case was remanded by the Louisiana Supreme Court, 503 So.2d 469, to this Court to consider the applicability of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).[1]
*874 In disposing of defendant’s Assignments of Error Nos. 1 and 2 in the original opinion herein, State v. Johnson, 497 So.2d 346 (La.App. 2d Cir.1986), we relied on State v. Ford, 489 So.2d 1250 (La.1986), in which the Supreme Court declined to apply the Batson rule to “pipeline cases,” such as the instant matter.[2]
However, the United States Supreme Court in the consolidated cases of Griffith v. Kentucky and Brown v. United States, — U.S.—, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987), held that the rule established in Batson is to be applied to all cases then pending on direct review and not yet final.
As we noted in the original opinion, defense counsel timely objected to the composition of the jury venire and also to the exclusion of the only black juror called for questioning. Under Batson the defense has thus shifted the burden to the state to come forward with a racially neutral explanation, if it can, for its challenge of the black juror. However, since this was a “pipeline” case occurring before the Bat-son pronouncement, the state and the trial court were obviously not aware of the impending change Batson would bring.
A similar situation recently occurred in State v. Mims, 505 So.2d 747 (La.App. 2d Cir.1987), where we remanded for a hearing in light of Batson. We therefore remand this case to the First Judicial District Court for a hearing to allow the state an opportunity to provide an explanation for the exclusion of the black juror during jury selection. As we stated in Mims:
If the prosecutor is unable to provide a racially neutral explanation for the exercise of his peremptory challenges acceptable to the trial court, Batson requires that the defendant’s convictions be set aside and a new trial granted. However, should the prosecutor provide a racially neutral explanation for the peremptory challenges, the trial court may allow the convictions to stand and the defendant may reassert his right to appeal his convictions and sentences.
For the above stated reasons, we remand this case to the trial court for an evidentia-ry hearing and ruling not inconsistent with this opinion.
REMANDED.

. Batson overruled Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965) with *874 respect to the manner of establishing a prima facie case of purposeful discrimination in jury selection.

. Writs were granted in State v. Ford by the United States Supreme Court. That court vacated the decision and remanded the case to the Louisiana Supreme Court for consideration in light of Griffith v. Kentucky and Brown v. United States, — U.S. —, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). See — U.S.—, 107 S.Ct. 1272, 94 L.Ed.2d 133 (1987).